LEE, P.J., for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Joseph Young and James Merritt were involved in an automobile accident on March 30, 2006. On June 7, 2007, Young filed a complaint against Merritt in the Circuit Court of Coahoma County, alleging negligence for damages that resulted from the accident.
 

 ¶ 2. On August 1, 2007, Merritt filed his answer and affirmative defenses. Merritt also propounded written discovery. At some point during this time, Young’s counsel lost contact with Young. When no response was received from Young, Merritt’s counsel sent follow-up letters on September 27, November 7, and December 4, 2007, requesting that Young respond to discovery. In mid-December, the attorneys spoke on the phone regarding the discovery responses. Young’s counsel stated that he would file the responses in ten to fourteen days. However, the responses were never filed.
 

 ¶ 3. On January 14, 2008, Merritt filed a motion to compel Young to respond to discovery. A hearing was scheduled for March 19, 2008. On the day before the hearing, Young’s counsel telephoned Merritt’s counsel and requested ten additional days to respond to the outstanding discovery. Young’s counsel suggested that he would agree to a dismissal with prejudice if responses were not filed by that date. Merritt’s counsel drafted a proposed order
 
 *589
 
 giving Young’s counsel until March 31, 2008, to respond to discovery, three days longer than Young’s counsel had requested. The order also stated that the case would be dismissed with prejudice if responses were not filed by this date. On March 19, Merritt’s counsel e-mailed the proposed order to Young’s counsel for his approval. Young’s counsel approved the draft as written by Merritt’s counsel. The trial judge signed the order on March 27, 2008.
 

 ¶ 4. On March 31, 2008, Young’s counsel, still unable to contact Young, attempted to serve unsigned discovery responses based on the information he had gathered at the time the complaint was filed. However, the attempt failed because when Young’s counsel contacted Federal Express, a driver was not available to pick up the document prior to the close of business. Young’s counsel mailed the responses by overnight service on April 1, 2008.
 

 ¶ 5. On April 1, 2008, having received no responses from Young, Merritt’s counsel filed a motion to dismiss with prejudice. Young responded to the motion to dismiss on May 19, 2008. The trial court heard arguments on the motion and entered an order dismissing the case with prejudice on May 29, 2008.
 

 ¶ 6. Young now appeals, asserting the following issues: (1) the trial court erred in dismissing his claims with prejudice, and (2) his claim should not have been dismissed because the trial court’s order compelling discovery was not entered until April 1, 2008, the day after he was required to submit the discovery responses. Finding no error, we affirm the order of the trial court.
 

 STANDARD OF REVIEW
 

 ¶ 7. “The standard of review [the appellate court] applies to a trial court’s dismissal of an action with prejudice as a result of a discovery violation is abuse of discretion.”
 
 Beck v. Sapet,
 
 937 So.2d 945, 948(¶ 6) (Miss.2006).
 

 DISCUSSION
 

 I. DISMISSAL WITH PREJUDICE
 

 ¶ 8. Despite agreeing to a dismissal with prejudice for failure to respond to discovery, Young now argues that the order dismissing his case with prejudice was unduly harsh and that the trial court should have considered a lesser sanction.
 

 ¶ 9. The agreed order granting the motion to compel discovery states:
 

 [T]he Defendant’s Motion to Compel is hereby granted, and that the Plaintiff is hereby compelled to respond to outstanding Interrogatories and Requests for Production of Documents propounded unto it by the Defendant no later than March 31, 2008, and that if the Plaintiff fails to so respond to said discovery by such date that this suit/cause shall be dismissed with prejudice.
 

 During the hearing on the motion to dismiss with prejudice, the trial judge stated:
 

 [T]his is not an instance where a less severe option should be used. Here we have the bypassing of deadlines and bypassing of deadlines and bypassing of deadlines. We have a consent, a mutual agreement between the attorneys and we have a court order. If I were to set this matter aside, I would be laughing in the face of my own order.
 

 ¶ 10. The following factors should be considered in determining if a dismissal with prejudice is the proper remedy for discovery violations:
 

 (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could not have been achieved through
 
 *590
 
 lesser sanctions; (3) whether the other party’s trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or them attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court’s order.
 

 Beck,
 
 937 So.2d at 949(¶ 6).
 

 ¶ 11. Young’s failure to reply was a result of his attorney being unable to contact him for an extended period of time. Young’s attorney admittedly mailed the responses late, and he admitted that the responses were incomplete and unsigned because he still could not reach Young. Further, Young’s attorney agreed to the order dismissing the case with prejudice. While dismissal with prejudice should only be used as a last resort, it is within the trial court’s discretion to dismiss the case with prejudice if a party fails to comply with an order to compel.
 
 Id.
 
 at (¶ 7); M.R.C.P. 37(b).
 

 ¶ 12. We find that the trial court did not err in enforcing the agreed order. Young was given ample time to respond to discovery and failed to do so. Therefore, we find that this issue is without merit.
 

 II. COMPLIANCE WITH ORDER
 

 ¶ 13. The order compelling discovery was signed and dated by the trial judge on March 27, 2008, and it was stamped filed by the clerk on April 1, 2008. The order required Young to serve his discovery responses by March 31, 2008. Young’s counsel argues that it was impossible for him to comply with an order that was not entered until the day after the date stated on the order.
 

 ¶ 14. Young cites to
 
 Vaughn v. Monticello Insurance Co., 838
 
 So.2d 983, 985(¶ 7) (Miss.Ct.App.2001) for the proposition that the order was not enforceable until it was entered by the clerk on April 1. However, we find
 
 Vaughn
 
 inapplicable as it addressed the issue of whether an order signed by one trial judge and not filed until the expiration of his term could later be enforced by another judge.
 
 Id.
 
 at (¶¶ 5-6). Further, the issue in
 
 Vaughn
 
 only referred to the applicable date of entry of a final judgment, not an order to compel discovery.
 
 Id.
 

 ¶ 15. Regardless, we find that Young’s argument is a moot point for two reasons. First, Young’s counsel admitted that he did not send the discovery responses until April 2, 2008. Therefore, even if we were to find that the deadline was April 1, Young’s counsel admittedly also missed this deadline. Second, when Young finally sent the responses, they were admittedly incomplete and unsigned because Young’s attorney was still unable to contact Young.
 

 ¶ 16. Therefore, since Young repeatedly missed the deadlines to respond to discovery and failed to file completed responses, we find that the trial court did not abuse its discretion in dismissing the case with prejudice pursuant to the agreed order. This issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.