# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01180-COA

DAVID G. MOYER AND WIFE, WANDA
MOYER, AND JUSTIN D. MOYER

APPELLANTS

v.

MARY C. BLADES; MISSISSIPPI FARM
BUREAU CASUALTY INSURANCE COMPANY;
AND PROGRESSIVE INSURANCE COMPANY,
UNDERWRITTEN BY MOUNTAIN LAUREL
ASSURANCE COMPANY

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2023 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHUCK McRAE |
| | ANNETTE ELISE BULGER MATHIS |
| ATTORNEYS FOR APPELLEES: | DAVID LEE GLADDEN JR. |
| | SAM STARNES THOMAS |
| | H. RICHMOND CULP III |
| | BRIDGET K HARRIS |
| | OWEN PATRICK TERRY |
| | ROBERT E. QUIMBY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 08/05/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. David Moyer and his son Justin were involved in a car accident with Mary Blades. Just under three years later, David, Justin, and David's wife, Wanda, sued Blades and the Moyers' two uninsured/underinsured motorist (UM) carriers. After the Moyers failed to respond to discovery requests for over a year and failed to comply with a court order

compelling them to respond, the trial court dismissed the complaint with prejudice pursuant to Rule 37 of the Mississippi Rules of Civil Procedure. For the reasons discussed below, we find no abuse of discretion by the trial court and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 5, 2019, Blades's car and David's truck were in an accident. David's son, Justin, was a passenger in the truck. The vehicles had both exited I-55 North in McComb at Delaware Avenue. David stopped at a stop sign at the end of the off ramp, and Blades stopped behind him. David started to pull forward but then had to stop due to traffic on Delaware Avenue. Blades also "pulled forward but failed to stop" and struck David's truck. The accident report filed by the McComb Police Department states that Blades admitted she was "at fault and did in fact cause the accident." The report noted "low damage" to David's truck and indicated that none of the parties were injured or complained of any pain.

¶3. On April 30, 2019, GEICO Casualty Company, Blades's insurer, wrote David a letter that read: "We have investigated the details of the loss and it appears our insured is 100% responsible in the accident. This decision is based on the evidence currently available to us at this time. If more information develops, our decision may be adjusted accordingly." The record contains numerous subsequent letters from GEICO requesting updates on David's claim. The letters date through March 2022 and appear to have gone unanswered.

¶4. At the time of the accident, the Moyers had UM coverage through both Mississippi Farm Bureau Casualty Insurance Company and Progressive Insurance Company. The Progressive policy was underwritten by Mountain Laurel Assurance Company.

2

¶5. On April 4, 2022, David, Justin, and David's wife, Wanda, filed suit against Blades, Farm Bureau, and Mountain Laurel in the Pike County Circuit Court. The complaint alleged that the accident resulted in "significant personal injuries" to David's left arm and shoulder that later required "surgery" and "injuries to [Justin's] upper body, shoulders, cervical area and neck that require[d] continual treatment." Wanda asserted a claim for loss of consortium. The complaint demanded compensatory damages of $750,000 for David and Wanda and $750,000 for Justin. All the defendants answered and denied liability.

¶6. On October 10, 2022, Farm Bureau filed a motion to compel the Moyers to respond to interrogatories and document requests. Farm Bureau had served the requests on August 10, 2022, and had requested responses from the Moyers on September 16, September 28, and October 4, but the Moyers had not responded. On October 17, 2022, Mountain Laurel filed a similar motion to compel. Mountain Laurel had served interrogatories and document requests on August 17 and had communicated in good faith with plaintiffs' counsel, but the Moyers had not responded. On October 31, 2022, Blades filed a motion to compel. She had served interrogatories and document requests on August 18 and had attempted to confer with plaintiffs' counsel, but the Moyers had not responded.

¶7. On December 19, 2022, the trial court signed agreed orders granting the motions to compel and giving the Moyers thirty days to respond to the defendants' discovery requests. However, the Moyers still failed to respond to the discovery requests.

¶8. On February 9, 2023, Farm Bureau, Mountain Laurel, and Blades each filed motions to dismiss the complaint due to the Moyers' failure to respond to discovery and failure to

comply with the court's order compelling discovery. *See* M.R.C.P. 37(b)(2)(A)(iii) & (d).

¶9. On May 6, 2023, the trial court signed an agreed order denying the motions to dismiss. The order stated that, "on the agreement of counsel for the parties," the Moyers would have forty-five days "to fully and completely respond to the written discovery propounded" by all defendants and "produce the documents requested by" all defendants. The order also required the Moyers to obtain new counsel or co-counsel within the same forty-five days. Finally, the order stated: "If Plaintiffs fail to comply with this Agreed Order by the deadline set forth above, the Court shall dismiss, without prejudice, the Complaint and all claims of Plaintiffs against Defendants, without further notice to Plaintiffs, upon receipt of notifications from counsel for Defendants of Plaintiffs' non-compliance."

¶10. On June 20, 2023, plaintiffs' counsel contacted some or all of the defendants requesting another extension of time to respond to their discovery requests. Based on the prior agreed order, the defendants refused to agree to another extension. Plaintiffs' counsel then contacted the court and, before the defendants had an opportunity to respond, obtained an order extending the deadline until June 30.

¶11. On June 30, plaintiffs' counsel again contacted some or all of the defendants requesting another extension of time to respond. Based on the prior agreed order, the defendants again refused to agree to another extension. Plaintiffs' counsel then contacted the court and, before the defendants had an opportunity to respond, obtained an order extending the deadline until July 7.

¶12. On Monday July 10, 2023, the defendants still had not received any discovery

4

responses from the Moyers. Therefore, pursuant to the prior agreed order, the defendants submitted a proposed "Judgment of Dismissal Without Prejudice" to the court.

¶13. Later that afternoon, plaintiffs' counsel emailed the defendants approximately 800 pages of "medical records" and a few other documents. However, the Moyers still had not responded to *any* of the interrogatories propounded by any of the defendants. In addition, the Moyers' written responses to the defendants' document requests remained largely incomplete, with responses to some requests simply promising that documents would be "produce[d] within fifteen days."

¶14. On July 13, 2023, the defendants filed a joint second motion to dismiss pursuant to Mississippi Rule of Civil Procedure 37. They requested that the complaint be dismissed with prejudice based on the Moyers' failure to comply with the court's prior order compelling discovery. The motion was set for a hearing on September 25, 2023. The Moyers failed to file a response to the defendants' motion.

¶15. At the September 25 hearing, plaintiffs' counsel (Mr. Felder) attempted to take the blame for the Moyers' failure to respond to discovery. Felder stated that he had experienced unspecified medical issues for an unspecified period of time culminating in an "ablation" procedure "on August 17." He argued that while it might be appropriate to assess him personally for the defendants' attorney's fees, it would be "extremely unfair" to dismiss the complaint because "[t]he Moyers ha[d] done nothing wrong." Felder promised to "bring in" co-counsel to help him with the case (as the court had already ordered him to do months earlier). Felder acknowledged that even as of the hearing date, the Moyers' discovery

responses remained incomplete, and he requested an additional "three months" or "four months" to complete discovery.

¶16.   At the conclusion of the hearing, the court granted the motion to dismiss, stating:

> [T]his phase of litigation started in January with an agreed order to compel, which was extended, which was extended. The Court notes, . . . I have never, to my knowledge, in 19 years unilaterally granted the relief that I granted Mr. Felder twice. I've never even done it once in another case. I thought it was an extreme circumstance, and I thought it merited ten days. Medical situation arises -- you know, it could happen to any of us, and we would want a reasonable accommodation. I think those were reasonable accommodations. That period ended in June and ran into July, and even at July the agreed order still hadn't been complied with. And we're at the end of September, and I think it's the case that I think the Court has gone -- I'm well aware of Rule 1. I try to construe the Rules of Civil Procedure according -- in light of Rule 1 to a just and speedy and efficient disposition of cases, and also to understand that practicing law is hard. . . . We all have issues, we all have families, we all have things happen, and I think I extend . . . as much latitude as possible.
>
> In this case I have already gone farther than I've ever gone in a case to extend latitude to an attorney to miss deadlines, and I think that the motion to dismiss is well taken and should be and [is] hereby granted.
>
> At some point, as the Supreme Court said, "the train has to leave the station," and it's unfortunate, but that's where we are. We're at the end of the ninth month of this year, and this has been delinquent this whole time. Not only has it been delinquent, but it's been delinquent with [the defendants] pressing the issue [requesting deadlines]. There's been no . . . agreement or condoning of the deficiency this year. [The defendants have] been steadfast in reasonably requiring [the Moyers], who instituted the lawsuit, to follow the Rules of Civil Procedure and follow the Court's orders, and it hasn't happened. It didn't happen in January, it didn't happen in May, it didn't happen in June, it didn't happen in July, and it still hasn't happened. It's not a case of saying, "We've now complied with everything, and we're sorry." There's still outstanding discovery requests as of today. And I don't think there's any relief that I can give the [Moyers] that is . . . merited, especially in light of the fact that the discovery requests still haven't been complied with.
>
> I think at this point the Court has gone . . . as far or farther than the Court should have in trying to enable the [Moyers] to get in a position to answer

6

these requests, and they've not been answered. And in spite of agreed orders, extensions and more agreements and a representation in July that the material would be forthcoming, we still don't even have the discovery today. Again, . . . I think it might be a different posture had everything been complied with, and we're here today with, "Here's everything you've ever requested, please excuse its tardiness," but here we are in September, and the discovery responses still aren't complete. So the Court finds that the motion to dismiss . . . is well taken . . . and is hereby granted.

The court entered a written judgment granting the motion to dismiss with prejudice. Thirty days later, the Moyers filed a notice of appeal.

**ANALYSIS**

¶17. Pursuant to Mississippi Rule of Civil Procedure 37(a), "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." A motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." M.R.C.P. 37(a). If a party "fails to obey an order" compelling discovery under Rule 37(b), "the court . . . may make such orders in regard to the failure as are just," including "an order . . . dismissing the action" as a sanction. M.R.C.P. 37(b)(2)(A)(iii); *see also* M.R.C.P. 37(d) (authorizing the same sanction for failing to respond to interrogatories and document requests). As the Mississippi Supreme Court has stated, Rule 37 grants "the trial court the power to impose just and appropriate sanctions for failure to comply with an order to provide or permit discovery." *Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997). "[The Supreme] Court [has] empowered trial courts with the discretionary authority to sanction, including the authority to dismiss an action" for failing to comply with an order compelling discovery.

7

*Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 981 (¶10) (Miss. 2014).

¶18.    "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion." *Pierce*, 688 So. 2d at 1388. "The provisions for imposing sanctions are designed to give the court great latitude." *Id.* "The power to dismiss is inherent in any court of law or equity, being a means necessary to orderly expedition of justice and the court's control of its own docket." *Id.* "Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances." *Id.*

¶19.    "Such dismissals by the trial court are reviewed under an abuse of discretion standard." *Id.* "When this Court reviews a decision that is within the trial court's discretion, it first asks if the court below applied the correct legal standard." *Id.* "If the trial court applied the right standard, then this Court considers whether the decision was one of several reasonable ones which could have been made." *Id.* "This Court will affirm a trial court's decision unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." *Id.* (quotation marks omitted). "[W]hen reviewing a dismissal by the [trial] court, [this] Court's duty is to decide not whether it would have dismissed the action as an original matter, but whether the [trial] court abused its discretion in so doing." *Id.* at 1388-89. The issue "is not whether the circuit judge ruled contrary to what one of us might have ruled, *not whether he was 'right' or 'wrong' in our view, but whether he abused his discretion.*" *Ashmore*, 148 So. 3d at 983 (¶17) (quoting *Westbrook v. State*, 658 So. 2d 847, 851 (Miss. 1995)).

¶20.    The Supreme Court has instructed us to consider "the following factors to determine

if a dismissal with prejudice is the proper remedy for discovery violations":

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Rule 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Beck v. Sapet*, 937 So. 2d 945, 948 (¶6) (Miss. 2006); *McAlpin v. Ill. Cent. R.R. Co.*, 373 So. 3d 164, 170 (¶27) (Miss. Ct. App. 2023).  The Supreme Court has held that a "dismissal with prejudice" is appropriate "when the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions."  *Mize v. Shiloh Market Inc.*, 336 So. 3d 654, 658 (¶15) (Miss. Ct. App. 2022) (quoting *May v. Austin ex rel. Austin*, 240 So. 3d 389, 393 (¶14) (Miss. 2018)).  Moreover, that sanction "must be available to a trial court in appropriate cases, not just to penalize those whose conduct may warrant such a sanction, but to deter those who might be tempted to engage in such conduct in the absence of a deterrent."  *Pierce*, 688 So. 2d at 1389.  "While dismissal with prejudice should only be used as a last resort, it is within the trial court's discretion to dismiss the case with prejudice if a party fails to comply with an order to compel."  *Young v. Merritt*, 40 So. 3d 587, 590 (¶11) (Miss. Ct. App. 2009).

¶21.   In *Mize*, this Court found no abuse of discretion and affirmed a dismissal with prejudice as an appropriate sanction for similar failures to respond to discovery and comply with an order compelling discovery.  There, the plaintiffs failed to respond to discovery requests for months despite agreed extensions and promises to respond.  *Mize*, 336 So. 3d at 657 (¶¶2-3).  The defendant finally filed a motion to compel, which resulted in an agreed

9

order setting a clear deadline for the plaintiffs' responses. *Id.* at (¶4). "Despite the clear deadline in the [c]ourt's order and the passage of months since the discovery was originally propounded, the [plaintiffs] still did not respond." *Id.* at (¶5). When the plaintiffs still did not respond after further requests by the defendant and promises by plaintiffs' counsel, the defendant filed a motion to dismiss. *Id.* at (¶¶6-7). "A few months after the motion was filed, the trial court dismissed [the complaint with prejudice]. In its order, the trial court pointed out . . . that the [plaintiffs] completely failed to answer discovery" and "still had not responded" "[a]t the time of the dismissal." *Id.* at (¶8). The trial court noted that "discovery had been outstanding for a year and a half despite a court order compelling the plaintiffs to respond." *Id.* at 661 (¶27). On appeal, this Court found no abuse of discretion and affirmed. *Id.* at 660 (¶21). We held that under our precedents, "the trial court was within its discretion to dismiss the [complaint] as a sanction for violating the rules of discovery," failing "to cooperate with the discovery process," and violating "a court order compelling their responses." *Id.*

¶22.    Similarly, in the present case, we cannot say that the trial court abused its discretion by dismissing the complaint due to the Moyers' persistent failure to respond to discovery requests and their failure to comply with a court order compelling them to respond. After much delay in responding, the Moyers were given a specific warning—in an agreed order, no less—that their complaint would be dismissed if they did not respond to the discovery requests within forty-five days. Still, the Moyers failed to respond. Even after their counsel obtained two additional extensions of time, the Moyers still failed to respond. Only after the

10

defendants filed their second joint motion to dismiss did the Moyers finally partially respond to the defendants' discovery requests. Even then, though, none of the Moyers had responded to a single interrogatory propounded by any of the defendants. Similar to *Mize*, when the hearing on the defendants' second motion to dismiss was finally held two and a half months later, the Moyers' discovery responses were still incomplete and over a year overdue. Under these circumstances, the trial court did not abuse its discretion by dismissing the complaint with prejudice as a sanction.

¶23. "As our Supreme Court has stated, 'while the end result in today's case may appear to be harsh, litigants must understand that there is an obligation to timely comply with the orders of our trial courts.' 'The parties must take seriously their duty to comply with court orders.' 'At some point the train must leave.' In this case, the trial court was within its discretion to find that the train had left." *Mize*, 336 So. 3d at 661 (¶28) (citations and brackets omitted) (quoting *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1043 (¶16) (Miss. 2003)).[1]

¶24. **AFFIRMED**.

**CARLTON, P.J., LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., NOT PARTICIPATING.**

---

[1] On appeal, the Moyers allege that the defendants engaged in "unfair" and "deceptive tactics" in the trial court. The basis of these accusations is that the defendants denied liability and engaged in discovery despite Blades's admission of fault at the time of the accident. The Moyers' allegations lack merit. The defendants were well within their rights in defending against the Moyers' claims for damages.