# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00699-COA

**TAMMY PATTON**                                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                          **APPELLEE**
**CORRECTIONS**

DATE OF JUDGMENT:                      05/16/2024
TRIAL JUDGE:                           HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:             RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                MATTHEW WADE GILMER
ATTORNEY FOR APPELLEE:                 CHARLES STEPHEN STACK JR.
NATURE OF THE CASE:                    CIVIL - PERSONAL INJURY
DISPOSITION:                           AFFIRMED - 01/06/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Tammy Patton, a resident of Texas, filed a complaint for damages against the

Mississippi Department of Corrections (MDOC) in the Rankin County Circuit Court. Patton

alleged she crashed her vehicle after it was struck by a chair that "flew" off a trailer being

pulled by an MDOC truck, causing her economic and non-economic damages. On MDOC's

motion, the trial court dismissed Patton's complaint due to her failure to cooperate in

discovery.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 7, 2021, Patton, a travel nurse from Texas, was driving on Interstate 20

in Rankin County on her way to Georgia, when a chair flew from a trailer being pulled by

an MDOC truck. According to the complaint, this chair caused Patton to lose control of her vehicle and wreck. She contends that this caused her to suffer economic and non-economic damages. Her complaint was filed on April 6, 2023. MDOC filed its answer on June 27, 2023.

¶3. On the same date, MDOC served Patton with its first set of interrogatories and requests for production of documents. When the discovery requests went unanswered, MDOC filed a motion to compel discovery on August 24, 2023. Attached to this motion was an email wherein MDOC's counsel informed Patton's counsel, Matthew Gilmer, that responses were past due and asked when responses could be expected. Having received no response to its email, MDOC filed the motion to compel. Patton did not file a response to the motion.

¶4. Without the motion having been set for hearing, the trial court granted the motion to compel by an order entered on September 8, 2023. The order required complete responses to be provided within fifteen days of the order and warned Patton that failure to respond could result in sanctions being levied pursuant to Mississippi Rule of Civil Procedure 37(b)(2)(A). Upon Gilmer's request, MDOC agreed via email to an additional fifteen days for Patton to comply with the order compelling discovery.

¶5. Once the additional fifteen days elapsed and no responses had been provided, MDOC filed a motion to dismiss with prejudice on October 16, 2023. Patton's response to this motion was filed on October 26, 2023, wherein Gilmer claimed that he

> has been extraordinarily ill and suffered a loss in support staff. Gilmer's illnesses include, in chronological order, (1) hospitalization for a fever of

unknown origin (May 2023), (2) COVID with severe symptoms that have not resolved (June 2023), and now (3) Long COVID with internal irregularities. These circumstances have caused Gilmer to seek healthcare in Biloxi, Mississippi away from his office and home. Gilmer remains in Biloxi presently and remains under the care of multiple physicians including a pulmonologist, cardiologist, and an infectious disease specialty group coordinating and collaborating from Florence and Huntsville, Alabama where Gilmer was initially hospitalized by transfer.

Gilmer attached his affidavit to this response and stated in part:

On or about May 1, 2023, I submitted to North Mississippi Medical Center in Iuka, Mississippi with an extreme fever. Within hours, I became unconscious and was transferred to North Alabama Medical Center in Florence, Alabama where I was hospitalized for a week or more. Ultimately I was diagnosed with a fever of unknown origin and sent home with orders to rest for a month.

¶6. On November 1, 2023, MDOC filed a rebuttal memorandum in support of its motion to dismiss. The motion to dismiss was first noticed for a hearing on March 13, 2024, and, at Patton's request, was re-noticed for May 15, 2024.[1] On May 14, 2024, according to the appellee's brief, sometime after 5 p.m., Patton filed a notice of service of discovery responses and gave "notice that she [had] answered all outstanding discovery propounded by Mississippi Department of Corrections by serving the same by email."

¶7. On May 15, 2024, the same day as the hearing, Patton filed an answer to MDOC's motion to dismiss with an affidavit from Patton attached.[2] The hearing was held, and the circuit court took the matter under advisement. On May 16, 2024, the circuit court entered its order granting MDOC's motion to dismiss with prejudice. This appeal followed.

---

[1] Gilmer contacted counsel for MDOC on the afternoon before the March hearing date and requested a continuance, to which MDOC's counsel agreed.

[2] This was Patton's second response to MDOC's motion to dismiss.

3

## STANDARD OF REVIEW

¶8.    Our standard of review is set forth in *Mize v. Shiloh Market Inc.*, 336 So. 3d 654, 657-58 (¶¶11-12) (Miss. Ct. App. 2022) (emphasis omitted):

> "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion." *Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1388 (Miss. 1997). "The provisions for imposing sanctions are designed to give the court great latitude." *Id*. "The power to dismiss is inherent in any court of law or equity, being a means necessary to orderly expedition of justice and the court's control of its own docket." *Id*. "Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances." *Id*. "Such dismissals by the trial court are reviewed under an abuse of discretion standard." *Id*.
>
> "When this Court reviews a decision that is within the trial court's discretion, it first asks if the court below applied the correct legal standard." *City of Jackson v. Rhaly*, 95 So. 3d 602, 607 (¶10) (Miss. 2012). "If the trial court applied the right standard, then this Court considers whether the decision was one of several reasonable ones which could have been made." *Id*. "This Court will affirm a trial court's decision unless there is a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Id*. (quoting *Amiker v. Drugs for Less Inc.*, 796 So. 2d 942, 948 (¶24) (Miss. 2000)).

## ANALYSIS

¶9.    Patton contends that the delay in providing discovery responses was "neither intentional nor attributable to her neglect or fault." Further, she argues it was also not trial counsel's fault. In her affidavit, Patton told the circuit court that she hired an attorney in Georgia who then employed Mississippi trial counsel, Matthew Gilmer. She seems to indicate that she had little contact directly with Gilmer. Instead, according to Patton, Gilmer tried to get discovery responses through the unnamed Georgia attorney. Patton further stated in her affidavit that Gilmer's efforts to answer discovery "w[ere] never made known to me

4

until recently when Mr. Gilmer took the initiative to go 'over his head' and get the information he needed to answer my discovery."[3] She argues that because she ultimately provided the discovery responses prior to the dismissal, the trial court abused its discretion by dismissing the case without considering lesser sanctions.

¶10.    In *Mize*, this Court considered a similar fact pattern in affirming the trial court's dismissal of an action for failure to provide discovery:

> Our precedent has instituted a test and factors to be considered when determining if the trial court's decision to impose sanctions for discovery violations is proper. *Young v. Merritt*, 40 So. 3d 587, 589-90 (¶10) (Miss. Ct. App. 2009). The factors are:
>
> > (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Mississippi Rule of Civil Procedure 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.
>
> *Id*.
>
> In *Young*, we affirmed a dismissal with prejudice where the plaintiff never responded to discovery—and critically, did not respond after an order compelling the responses. *Id*. at 588-90 (¶¶3-5, 11-12). **"While dismissal with prejudice should only be used as a last resort, it is within the trial court's discretion to dismiss the case with prejudice if a party fails to comply with an order to compel."** *Id*. at 590 (¶11).

---

[3] While Patton attempts to place blame for the delay in this case on an unnamed Georgia attorney, Gilmer was the only attorney of record in this case and filed the complaint on Patton's behalf. Gilmer, just as the attorney in *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 548 (¶26) (Miss. 2005), "has been counsel of record in this matter since its inception, and as counsel of record, maintained all the duties and obligations to the client as provided in Rules 1.1, 1.2, 1.3 and 1.4 of the Mississippi Rules of Professional Conduct."

*Mize*, 336 So. 3d at 659 (¶¶17-18) (emphasis added).

¶11.   In the present case, discovery was required by Uniform Civil Rule of Circuit and County Court Practice 4.03 to be complete within ninety days of the date MDOC filed its answer on June 27, 2023. MDOC filed its discovery requests on that same date, and Patton's responses were due thirty days later. There was *no response* by Patton. MDOC, in a good faith effort to obtain the needed responses, contacted counsel for Patton and received *no response*. As a result, MDOC filed a motion to compel discovery, and Patton filed *no response*. The trial court granted the motion to compel and gave Patton fifteen days from the entry of the order to respond to discovery. Patton failed to do so and, instead, requested that MDOC agree to an additional fifteen days to respond, but Patton did not seek permission from the circuit court and did not seek an order to extend the time to complete discovery under Rule 4.03. MDOC agreed to the fifteen-day extension, *but Patton still did not respond* within the time she had requested. Patton apparently made no further requests for extensions to MDOC or the circuit court. MDOC filed its motion to dismiss on October 16, 2023, which was well past the discovery deadline under Rule 4.03, well past the fifteen-day deadline in the circuit court's order compelling responses, and well past the additional fifteen days agreed to by MDOC. At Patton's request, the hearing on MDOC's motion to dismiss was continued from March 13, 2024, to May 15, 2024. As noted above, Patton filed her responses to discovery on the day before the hearing after 5 p.m.

¶12.   At the hearing, counsel for MDOC announced that he had received the notice before he left the office on May 14 but had not received the discovery responses. While counsel was

6

driving to the hearing, his secretary advised him that Patton "had apparently filed some kind of response [that] morning." MDOC's counsel had not, as of the time of the hearing, had an opportunity to review the responses. Gilmer, on behalf of Patton, then urged the court to consider lesser sanctions. He renewed his contention that his ill health and interference or non-cooperation by other, unnamed counsel was the cause of the delay in responding to discovery.

¶13. It is clear from the record that Gilmer was the only counsel of record for Patton. It is also clear that MDOC first sought a lesser sanction by obtaining an order compelling discovery. After the order compelling discovery, Gilmer failed to seek additional time from the circuit court to respond as ordered. In *McAlpin v. Illinois Central Railroad Co.*, 373 So. 3d 164, 170 (¶26) (Miss. Ct. App. 2023), this Court stated:

> As a matter of principle, the "failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery." *Beck* [*v. Sapet*], 937 So. 2d [945,] 949 (¶7) [(Miss. 2006)]. But "[i]f the party fails to comply with this first order to compel, the trial judge may then sanction that party in accordance with [Rule] 37(b), which includes dismissing the case with prejudice." *Id*.

Patton was over 290 days late in responding to MDOC's discovery requests on June 27, 2023. Patton was over 200 days late in responding to the court's order compelling discovery.

## CONCLUSION

¶14. We find that the circuit court acted within its discretion to dismiss Patton's case as a sanction for violating the rules of discovery and the circuit court's order compelling discovery.

¶15. **AFFIRMED.**

7

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**